945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henderson Duval HOUGHTON, Plaintiff-Appellant,
v.
Charlotte V. KUFFNER, Marlene Launderville, Michael Dotson,
Defendants-Appellees.
 No. 90-35892.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 27, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henderson Duval Houghton, a Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Houghton has been a patient at Montana State Hospital ("MSH") since 1981, when the state district court found that he was unfit to proceed to trial by reason of serious mental defect or disorder as defined by Montana law. By court order, Houghton was committed to the MSH in May 1982.
 
 
 4
 On February 6, 1984, Houghton filed this section 1983 action alleging that various hospital officials violated his civil rights. On July 8, 1985 the Magistrate conducted an evidentiary hearing on the merits of Houghton's claims. On July 31, 1986, the Magistrate filed his Findings and Recommendation that judgment be entered in favor of the defendants. Houghton filed objections to the Magistrate's Findings and Recommendation on August 18, 1986. On September 4, 1986, the district court adopted the findings and recommendations of the Magistrate and entered judgment against Houghton. Houghton appealed the judgment and on June 23, 1989, this court reversed and remanded the case because the district court had adopted the Magistrate's recommendation without reviewing a transcript of the July 8, 1985 evidentiary hearing. On August 1, 1990, after conducting a de novo review of the transcript of the evidentiary hearing, and the entire record, the district court entered judgment in favor of the defendants.
 
 
 5
 * Houghton contends that defendant Kuffner, a registered nurse and unit supervisor at MSH, violated his constitutional right of access to the courts by (1) restricting access to his personal and legal files, (2) limiting his use of typewriters, and (3) denying him use of photocopying equipment. These contentions lack merit.
 
 
 6
 Prisoners have a constitutional right of meaningful access to the courts which requires prison officials to assist inmates in the preparation and filing of their legal materials by providing them with access to an adequate law library or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 829 (1977). This right of access, however, must be balanced against the legitimate governmental interest in maintaining the security and safety of prison facilities. Bell v. Wolfish, 441 U.S. 520, 546 (1979).
 
 
 7
 Where a prisoner cannot show denial of adequate law libraries or adequate assistance from persons trained in the law, the court must consider whether the plaintiff has alleged an 'actual injury' to court access." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). "An actual injury consists of some specific instance in which an inmate was actually denied access to the courts." Id.
 
 
 8
 Here, the district court properly determined that Kuffner did not deprive Houghton of meaningful access to the courts. First, Houghton was provided with reasonable access to his files. It is undisputed that Houghton was allowed to store some legal documents in his cell, with the remainder stored in a locked basement room. Houghton was allowed access to the documents stored in the basement for one hour per day. Furthermore, Houghton's legal materials were stored in the basement pursuant to an institutional policy that was designed to reduce fire hazards and was not directed solely at Houghton. Therefore, in light of the government interest in maintaining the security of MSH, the restrictions on Houghton's access to his files were reasonable and did not violate his constitutional rights. See Bell 441 U.S. at 546; Vigliotto v. Terry, 1201, 1202-03 (9th Cir.1989) (the temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation).
 
 
 9
 Second, the Constitution does not require that typewriters be made available to inmates. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Moreover, it is undisputed that Houghton had some access to a typewriter.
 
 
 10
 Third, Houghton has not demonstrated that the denial of photocopying equipment resulted in actual injury. Although he alleges that the denial of photocopies delayed various other actions he had filed in federal and state court, he did not demonstrate that the lack of photocopies prevented his access to the courts. See Sands, 886 F.2d at 1171.[1] Moreover, the transcript of the evidentiary hearing indicates that Houghton was provided reasonable access to writing materials, including carbon paper. Accordingly, the district court properly dismissed the claims.[2]
 
 II
 
 11
 Houghton also contends that Kuffner transferred him from a medium security unit of MSH to a maximum security unit without due process and in retaliation for his filing a lawsuit against the Department of Institutions. These contentions lack merit.
 
 
 12
 Liability under section 1983 arises only upon a showing of personal involvement by the defendant in the alleged constitutional violations. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 13
 Here, Houghton was transferred from the medium security unit to the maximum security unit three times between 1982 and 1985. At the evidentiary hearing, Kuffner testified that she had no authority to transfer patients within MSH and that Houghton was transferred upon doctor's orders and, on one occasion, at Houghton's own request. Therefore, because Kuffner was not personally involved in the decision to transfer Houghton, and lacked the authority to make such a transfer, the district court properly dismissed this claim. See Taylor, 880 F.2d at 1045.
 
 III
 
 14
 Houghton contends that defendant Launderville, a registered nurse at MSH, subjected him to cruel and unusual punishment by distorting his complaints and behavior so that doctors inaccurately diagnosed his condition.
 
 
 15
 Houghton fails to present any evidence to support this claim. The record indicates that Launderville worked with a treatment team in determining a treatment plan for Houghton. As part of the treatment team, Launderville administered medication and reported significant observations to her supervisors, but did not diagnose patients. Because there is no evidence suggesting that Launderville distorted Houghton's complaints or falsified any reports concerning his condition, the district court properly dismissed the claim.
 
 IV
 
 16
 Houghton's claim that defendant Dotson, a Special Duty Aide at MSH, subjected him to cruel and unusual punishment by harassing him and other patients also lacks merit. Houghton has failed to present any direct evidence or elicit any testimony in support of his allegations of harassment. Accordingly, the district court properly dismissed this claim.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Houghton submits a copy of a Montana Supreme Court order dismissing a previously filed action. The order does not suggest that the action was dismissed for failure to file the requisite number of briefs. Instead, it indicates that the action was dismissed because, despite an order extending time, Houghton never filed a brief
 
 
 [2]
 Houghton contends that Kuffner denied him access to the courts in retaliation for the civil rights action he had filed against the Director of the Department of Institutions. Because he has not demonstrated denial of access to the courts, Houghton cannot state a claim of retaliation